# EXHIBIT 1

**LAW OFFICES OF HOWARD A. GUTMAN**
230 Route 206, Suite 307
Flanders, New Jersey 07836
(973) 598-1980 Fax (973) 531-4110

June 4, 2015

Chrysler Corporation
New York Zone Office
Customer Relations Manager
500 Route 303
Tappan, NY 10983-1592

Re: Stacy Oquendo, individually and on behalf of the Class vs. Chrysler Group, LLC
    Docket # L-00068-15

Dear Sir/Madam:

Enclose please find summons and complaint.

Very truly yours,

*[signature]*

Howard A. Gutman

Law Office of Howard A. Gutman
230 Route 206, Suite 307
Flanders, New Jersey 07836
(973) 598 1980
Attorney for Plaintiff
ID # 014971982

| | |
|---|---|
| Stacy Oquendo individually and on behalf of the Class | Superior Court of New Jersey Law Division: Warren County |
| Plaintiffs | |
| vs | Docket No.   L-000168-15 |
| Chrysler Group, LLC | **SUMMONS** |
| Defendant | |

From the State of New Jersey To the Defendant (s) Named Above:

    The plaintiff name above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided) If the complaint is one of foreclosure, then you mist file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. Your must also send a copy of your answer or motion (with fee of $135.00 and complete Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and cost of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

*Jennifer Perez*

Jennifer Perez
Acting Clerk of the Superior Court

Dated: June 3, 2015

Name of Defendant to Be Served: Chrysler Group, LLC

Address of Defendant to Be Served: New York Zone Office
Customer Relations Manager
500 Route 303
Tappan, NY 10983-1592



Law Office of Howard A. Gutman
230 Route 206, Suite 307
Flanders, New Jersey 07836
(973) 598 1980
Attorney for Plaintiff
ID # 014971982



| | |
|---|---|
| Stacy Oquendo individually and on behalf of the Class | Superior Court of New Jersey Law Division: Warren County |
| vs | Docket No. L - 168 -15 |
| Plaintiff, | |
| Chrysler Group, LLC | **CLASS ACTION COMPLAINT** |
| Defendant, | |

Plaintiff, by and through his attorney, by way of complaint says:

*Allegations Common to All Counts*

1. Plaintiff resides at 7 Heather Hill Road, Washington, New Jersey.

2. On or about, April 30, 2014, Plaintiff purchased a 2014 Dodge Jeep Cherokee which vehicle was manufacturer by defendant Chrysler. Members of the class likewise purchased 2014 Jeep Cherokees from authorized Chrysler dealers throughout New Jersey, New York, Delaware, and Connecticut.

3. The vehicle is covered by multiple warranties. There is a standard warranty and powertrain warranties. These warranties obligate Chrysler to adequately diagnose, correct, and repair the vehicle which Chrysler has failed to do with plaintiff's vehicle and those in the class experiencing similar problems.

4. Plaintiff experienced repeated problems with her Jeep Cherokee. The repair history reflects complaints of the transmission not shifting properly, and other transmission problems. She has lost the use of her vehicle for repair, the value of the vehicle is diminished because of its frequent and persistent problems, and the vehicle poses safety concerns to the driver and occupants

5. There is an abnormal and elevated rate of transmission, problems, malfunction, and failure with the transmission on this make, model, and year vehicle, due to improper and/or defective design or manufacture.

6. Members of the proposed class have suffered similar problems. The class is composed of owners of new 2014 Jeep Cherokees who have purchased this automobile in New Jersey, New York, Delaware, or Connecticut and experienced transmission problems.

1

7. Various publications have noted the widespread issues and problems with the Chrysler transmission. Car and Driver said,

"At least 12 out of 30 complaints submitted thus far to the National Highway Traffic Safety Administration cite poor shift quality, including transmissions that held gears for too long or suddenly shifted into neutral. Some dealers have already replaced transmissions and are stocking about a dozen of them per week.

Chrysler delayed the Cherokee's launch last fall by several weeks to make last-minute fixes to the new transmission and then released two technical service bulletins in November and December, including an entire step-by-step process to recalibrate the adaptive software to better match the owner's driving style. Dealers have also been asked to train "Qualified Subjective Shift Quality Auditors" to evaluate new and customer cars. Among other fixes, the update is supposed to smooth out shifts from first to second and second to third.

In our reviews of a four-cylinder and various V-6 Cherokees, we noticed erratic behavior from the nine-speed. It would deliver crisp, well-timed shifts on some occasions, yet on others would respond with slurred and delayed changes. Perhaps even more frustrating are eighth and ninth gears that rarely if ever engage—even with manual override."

Plaintiff and members of the class experienced these problems.

8. Rather than acknowledge the problem Chrysler has proceeded to deny and/or conceal the problem and directed its dealers to provide deceptive, false, or misleading explanations for the failure to provide warranty coverage and reimbursement. It has breached its standard express warranty and extended warranties.

9. The Uniform Commercial Code is a national set of laws applicable to the sale of goods and governs obligations in these transactions. Under the Uniform Commercial Code, there is an implied warranty of merchantability pursuant to Uniform Commercial Code 2-314 on these vehicles. Such warranty requires that the vehicles be reasonably fit for their intended purposes, of average or good quality, comply with representations made, and meet other legal requirements.

10. Because of the defects in the vehicle, that warranty has been breached and plaintiff and members of the class have been damaged. They have incurred costs for repair, lost the use of the vehicle, and the value of the vehicle has been diminished because of the defects.

11. Defendant on its own and through its dealers have been unable or unwilling to adequately repair the vehicle.

2

**Count One**  (Breach of Express Warranty)

1. Plaintiff hereby incorporates by reference each of the preceding allegations as though fully set forth herein.

2. Defendant provided an express warranty to plaintiff and members of the class. This is the same express warranty on all vehicles of this make, model and year. Defendant Chrysler has breached its express warranties by failing to reveal and disclose problem with the vehicles and arrange for appropriate recalls, bulletins, notification, and correction during the term of the warranty. Had it taken appropriate action within the term of its warranty when it knew of the problem of premature failure, plaintiffs and class members would not have later occurred the cost of required repairs. It has failed to cover the costs of problems presented during the warranty which should have been corrected and then malfunctioned after the term of the express warranty.

3. Defendant has breached its express warranties by failing to cover the cost of required repairs within the term of the warranty, or failing to cover the costs of problems presented during the warranty which should have been corrected during the term of the warranty, malfunctioned thereafter.

**Count Two**  (Breach of Implied Warranty of Merchantability)

1. Plaintiff hereby incorporates by reference each of the preceding allegations as though fully set forth herein.

2. In connection with the plaintiff's purchase and those of members of the class, there was an implied warranty of merchantability pursuant to U.C.C. 2-314. Under the implied warranty of merchantability, there was a warranty that the vehicles be reasonable fit for their intended purposes, of average or good quality, comply with representations made, and meet other legal requirements.

**Count Three**  (Fraud and Violation of Consumer Fraud Act)

1. Plaintiff repeats the allegations contained above and incorporates the same herein.

2. The conduct set forth herein constitutes an unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, and the knowing concealment, suppression of a material fact with intent that plaintiff and members of the class upon such concealment, suppression, or omission and otherwise violates N.J.S.A. 56:8-2.

3

**Count Four** (Violation of Magnuson-Moss Act)

1. Plaintiff repeats the allegations contained above.

2. Defendant gave a warranty pursuant to the Magnuson-Moss Act, 15 U.S.C. 2301, et seq, The automobile defendant sold or manufactured was a consumer product, plaintiff is a consumer, and the sale of the vehicle is governed by the above Act. The vehicle defendants sold, manufactured or distributed failed to perform as warranted. Defendants have violated the aforesaid Act by virtue of the conduct set forth above, improperly and unlawfully attempted to disclaim implied and express warranties, failed to perform in accordance with its warranty and otherwise violated the Act as set forth hereinabove.

## (Suitability of Class Action)

1. A class action will be a superior method of handling these claims.

2. The proposed class is composed of owners of the 2014 Jeep Cherokee throughout the country who have experienced transmission problems. In addition, class members have incurred costs for rental vehicles and suffered damages for loss of use and diminished value.

3. Subclasses or categories of recovery may be requested based upon the nature and extent of costs, damages, and inconvenience suffered by class members.

## A. Cost and Suitability

1. Class action treatment will reduce the costs incurred by each plaintiff, the amount expended for counsel fees, the burden on the courts, and the time spent by witnesses and litigants.

2. Some claims involving limited expenditures would not be able to be filed and plaintiffs compensated without the class action vehicle.

3. The amount in controversy is alleged and believed to be less than 5 million dollars.

## B. Adequate Representation

1. Plaintiff will fairly and adequately protect the interests of the members of the class and have no interests antagonistic to those of the Class.

2. Plaintiff's counsel has over 20 years experience in automobile warranty and defect litigation. To the extent needed or required, additional counsel may be obtained.

4

## C. Common Factual and Legal Issues

1. The action is appropriate for certification because questions of law and fact common to the members of the class predominate over questions affecting only individual members.

2. Common questions of fact include the following:
   - Does a defect exist and what is its cause,
   - Can the problem be corrected,
   - What type of diminution of value has occurred because of this,

3. Common legal questions include the following:
   - Did the defect violate the implied warranty of merchantability and/or express warranty,
   - Can plaintiffs recover damages for expenses incurred, loss of use, or other damages.

## D. General Superiority of Class Action

1. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joiner of all members of the class is impracticable. Should individual class members be required to bring separate actions, this court would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

5

## PRAYER FOR RELIEF

WHEREFORE plaintiff demands judgment against defendants for compensatory damages, punitive damages, interest, attorney's fees, costs, and such other legal or equitable relief as this court may deem just.

## CERTIFICATION

I certify that the matter in controversy in not the subject of any pending or contemplated litigation or arbitration.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury.


Dated: May 7, 2015

_____
Howard A. Gutman
Attorney for Plaintiffs



Appendix XII-B1



# CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division Civil Part pleadings (not motions) under *Rule* 4:5-1
Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed

**FOR USE BY CLERK'S OFFICE ONLY**
PAYMENT TYPE: ☐ CK ☐ CG ☐ CA
CHG/CK NO.
AMOUNT:
OVERPAYMENT:
BATCH NUMBER:

**ATTORNEY / PRO SE NAME:** Howard A. Gutman
**TELEPHONE NUMBER:** (973) 598-1980
**COUNTY OF VENUE:** Warren
**FIRM NAME (if applicable):** Law Office of Howard A. Gutman
**DOCKET NUMBER (when available):** L-168-15
**OFFICE ADDRESS:** 230 Route 206 - Suite 307, Flanders, NJ 07836
**DOCUMENT TYPE:** COMPLAINT
**JURY DEMAND:** ☒ Yes ☐ No

**NAME OF PARTY (e.g., John Doe, Plaintiff):** Stacy Oquendo individually and on behalf of the Class
**CAPTION:** Stacy Oquendo individually and on behalf of the Class vs. Chrysler Group, LLC

**CASE TYPE NUMBER:** 512
**HURRICANE SANDY RELATED?** ☐ YES ☒ NO
**IS THIS A PROFESSIONAL MALPRACTICE CASE?** ☐ YES ☒ NO
IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

**RELATED CASES PENDING?** ☐ Yes ☒ No
**IF YES, LIST DOCKET NUMBERS:**

**DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?** ☒ Yes ☐ No
**NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known):** ☐ NONE ☒ UNKNOWN

THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?** ☐ Yes ☒ No
**IF YES, IS THAT RELATIONSHIP:** ☐ EMPLOYER/EMPLOYEE ☐ FAMILIAL ☐ FRIEND/NEIGHBOR ☐ BUSINESS ☐ OTHER (explain)

**DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?** ☐ Yes ☒ No

**USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION**

**DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?** ☐ Yes ☒ No
**IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION**

**WILL AN INTERPRETER BE NEEDED?** ☐ Yes ☒ No
**IF YES, FOR WHAT LANGUAGE?**

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

**ATTORNEY SIGNATURE:** *[signature]*

Effective 08-19-2013, CN 10517-English
page 1 of 2

Side 2



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

### Track III - 450 days' discovery
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

### Multicounty Litigation (Track IV)
- 266 HORMONE REPLACEMENT THERAPY (HRT)
- 271 ACCUTANE/ISOTRETINOIN
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 278 ZOMETA/AREDIA
- 279 GADOLINIUM
- 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282 FOSAMAX
- 284 NUVARING
- 285 STRYKER TRIDENT HIP IMPLANTS
- 286 LEVAQUIN
- 287 YAZ/YASMIN/OCELLA
- 288 PRUDENTIAL TORT LITIGATION
- 289 REGLAN
- 290 POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291 PELVIC MESH/GYNECARE
- 292 PELVIC MESH/BARD
- 293 DEPUY ASR HIP IMPLANT LITIGATION
- 295 ALLODERM REGENERATIVE TISSUE MATRIX
- 296 STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
- 297 MIRENA CONTRACEPTIVE DEVICE
- 601 ASBESTOS
- 623 PROPECIA

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

Please check off each applicable category  ☐ Putative Class Action  ☐ Title 59